Klais vs. Pulford and others.

---

## KLAIS vs. PULFORD and others.

PLEADING. (1) *What question raised by the answer.*

EVIDENCE: CHARTER: CITY RECORDS. (2) *Record of city ordinance, not made according to charter, a nullity. Parol evidence not admissible to support it.* (3) *Parol evidence in support of original ordinance.*

1. In trespass for removing a culvert on plaintiff's land, in a city, defendants justified, some as members of the board of health of such city, and the others as acting under the authority of such board, resting their jurisdiction wholly on the determination of the board, without pleading that the culvert in fact created a public nuisance.

*Held*, that the question raised by the record is merely as to the legal authority of the board of health, and the court cannot consider whether the culvert appears by the evidence to have created a nuisance which defendants had a right to abate.

2. The charter of said city empowered the common council, by ordinance, resolution or by-law, to establish and regulate boards of health, and provided in what manner such ordinances, etc., should be passed, signed and published, and that upon proof of publication, and not before, they should be *recorded, together with the affidavit of publication.* The record of a resolution of the common council appointing certain persons as a board of health, and of an ordinance conferring certain powers on such board, was read in evidence, without other proof of their passage or publication; and the city clerk then testified that he saw the resolution and ordinance published in the official newspaper. *Held*, that the record was a nullity, by reason of the absence therefrom of the affidavit of publication, and the parol evidence was incompetent to support it.

3. Whether such parol evidence would have been competent to support the *original* resolution and ordinance, is not here decided.

APPEAL from the Circuit Court for *Iowa* County.

Trespass, for entering upon plaintiff's premises in the city of Mineral Point, and tearing down and removing a culvert erected by him thereon, for the purposes of his business as a potter.

The answer alleges that three of the defendants are members of the board of health of Mineral Point, and that as such they entered the premises described in the complaint, and found obstructions in the watercourse passing through them, which obstructions had caused the water to overflow the premises next adjoining and to enter the dwelling house of the occupant of such premises, rendering such dwelling nauseous and unhealthy, and endangering the health of all persons residing in that part of the city; that "said health officers, believing the maintenance of said obstructions a nuisance, did direct the street commissioner of the city of Mineral Point, one of said defendants, to open said watercourse, and let said water escape," which he did; and that all of said acts were done pursuant to the provisions of the charter of said city, and ordinances then in force under said charter.

The proceedings upon the trial, and the exceptions taken by the plaintiff, sufficiently appear in the opinion of the court.

Verdict and judgment for the defendants; and plaintiff appealed.

*Strong & Weber,* for appellants, argued, among other points, 1. That the power of the common council to establish and regulate a board of health is required by the charter to be exercised by " ordinances, resolutions or by-laws " (ch. 4, sec. 3); that all acts beyond the scope of the power granted are void (Dillon on Mun. Corp., § 55, p. 173), and when the charter requires a thing to be done in a particular way, that way alone can be pursued (3 Brevard, 396; 15 Mass., 205; 3 Stew. & Port., 13; 9 Pick., 496; 13 id., 284; Dillon on Mun. Corp., §§ 246, 265); that while courts will take judicial notice of the act creating the corporation, its acts and ordinances must be pleaded and proven, and the essential requisites of a valid ordinance must be shown by the records, and cannot be proved by extrinsic testimony. Dillon on Mun. Corp., §§ 50, 265, 346 and notes; *Covington v. Ludlow,* 1 Met. (Ky.), 295; *Lexington v. Headley,* 5 Bush (Ky.), 508; *Graham v. Carondelet,* 33 Mo., 262. 2. No notice was given to the appellant requiring him to remove the culvert. Ch. 4, sec. 3, subd. 20 of the city charter; R. S., ch. 32, sec. 5; *Meeker v. Van Rensselaer,* 15 Wend., 397. The culvert was not a public nuisance, and defendants cannot justify its removal as a private nuisance unless their aid was given at the request of the injured party. Shearm. & Redf. on Neg., § 344; *Douglass v. State,* 4 Wis., 387; *Pettigrew v. Evansville,* 25 id., 227; *Hoyt v. Hudson,* 27 id., 656; *Richardson v. Emerson,* 3 id., 319; *Mohr v. Gault,* 10 id., 513. 3. The testimony of the city clerk was inadmissible. *Covington v. Ludlow,* 1 Met. (Ky.), 295; *Pierce v. Richardson,* 37 N. H., 306; *Tucker v. Aiken,* 7 id., 113; *Johnston v. Wilson,* 2 id., 202; *Burgess v. Pue,* 2 Gill (Md.), 254; 4 Fost. (N. H.), 212; 19 N. H., 290; *Logansport v. Legg,* 20 Ind., 315; *Ferguson v. Crittenden Co.,* 1 Eng. (Ark.), 479; *Price v. R. R. Co.,*

13 Ind., 58 ; *McCracken v. San Francisco*, 16 Cal., 591 ; *Pimental v. San Francisco*, 21 id., 351 ; *State v. Wilkesville*, 20 Ohio St., 288.

*Alex. Wilson*, for respondents :

The ordinance and resolution were properly proved by the production of the city record. 2 Greenl. Ev., 82. Even if they had never been recorded, or the printer had failed to prove the publication, they would have been binding upon the citizens, provided all the requirements of the charter, up to recording, had been complied with. The record having been made, the presumption is that the clerk had the requisite proof at the time ; and it devolves upon the plaintiff, under the proofs adduced at the trial, to show want of publication. Dillon on Mun. Corp., § 247. 2. The culvert was a public nuisance, endangering the public health by stopping the flow of water, and producing malaria and disease from decomposing vegetable and mineral matters contained in it. 4 Wis., 387. Such a nuisance might be removed by any one. 1 Hilliard on Torts, 576. Under the ordinance, the board of health was authorized to remove it, or cause it to be removed ; and the courts cannot determine the manner in which they shall exercise their power. Dillon on Mun. Corp., § 59.

RYAN, C. J. The respondents justified the alleged trespass complained of, some as members of the board of health, and the others as acting under authority of the board of health, of the city of Mineral Point.

The charter of the city (ch. 78 of 1861), ch. 4, sec. 3, subd. 11, gives power to the common council, by ordinance, resolution or by-law, to establish and regulate boards of health. Ch. 4, sec. 3, provides that such ordinances, resolutions and by-laws shall be passed by an affirmative vote of a majority of the common council, and be signed by the mayor, and be published in a newspaper of the city selected by the common council, before they shall be in force ; and that upon proof of

publication, and not before, they shall be recorded together with the affidavit of publication.

The respondents gave in evidence, under exception, the record of a resolution of the common council, all the members present voting therefor, appointing two of the respondents and another person a board of health; and of an ordinance of the common council conferring powers, etc., on the board of health; without other proof of them, or of their passage, or of their publication.

They then called the city clerk, who testified that he saw the resolution and ordinance published in the official newspaper. The appellant moved to exclude this testimony; the court refused; and the appellant excepted.

It is unnecessary to consider the questions, whether the resolution and ordinance constituted a valid exercise of the power to establish and regulate boards of health, or whether they appeared to be validly passed; because the evidence given of the resolution and ordinance was incompetent.

The record of the resolution and ordinance, without record of the affidavit of publication, was not only not authorized, but is expressly forbidden, by the charter; and the record admitted in evidence is a mere nullity. If the parol evidence would have been competent to support the original resolution and ordinance, on which we express no opinion, it certainly was incompetent to support the record.

Had the respondents pleaded that the culvert in the appellant's premises created a public nuisance, and that as such they abated it, the record of the case would have raised questions not now before us. But they did not so plead. They only plead what the members of the board of health found and believed, and rest their justification wholly on the authority of the board of health.

*By the Court.* — The judgment of the court below is reversed, and the cause remanded for a new trial.